IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY GILLILAN,     :
              :
      Plaintiff,  :
              :
vs.           :   CIVIL ACTION NO.: 1:06-CV-33 (WLS)
              :
PRISON STAFF EMPLOYEES  :
              :   PROCEEDINGS UNDER 42 U.S.C. § 1983
      Defendants. :   BEFORE THE U.S. MAGISTRATE JUDGE
              :
              :   **ORDER**
_____

   Plaintiff **GREGORY GILLILAN**, an inmate at Calhoun State Prison in Morgan, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He also has sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  It appears that plaintiff us unable to pay the cost of commencing this action and, therefore, plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

   However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $250.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

   Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

   Plaintiff initiated this action by filing a 42 U.S.C. § 1983 complaint that is 34 pages long, excluding exhibits and other motions.  Although the caption on plaintiff's complaint contains no

named defendants, he names numerous defendants in the body of his lengthy complaint.  Plaintiff also states that he is filing his case as a "class action."  Plaintiff seems to have included claims that relate to him personally, and claims that relate to other inmates at Calhoun State Prison.

The Court finds that plaintiff has failed to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."

Plaintiff is **ORDERED** to file a **recast complaint** in this case.  The recast complaint **shall be in place of and substituted for the complaint, and all attachments and documents heretofore filed**.  Said recast complaint shall consist of a completed new § 1983 form (attached to this Order), along with **NO MORE THAN TEN (10)** additional pages.  **No attachments shall be filed with the recast complaint.**

The recast complaint must contain a caption that clearly identifies, by name, each individual that plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff must name each individual defendant herein in both the caption and the body of his recast complaint. Plaintiff may not rely on the fact that individuals are named in the body of the complaint, or in exhibits or separate motions, as a means of including them as defendants herein.

As to each individual defendant so named, plaintiff shall make **brief** factual recitations of the specific actions or omissions of said defendant (including dates, if possible) which allegedly were in violation of plaintiff's constitutional rights.  Plaintiff is not to make claims for any other "class members" or prisoners at all.  This is not a class action and should contain only claims and facts that are relevant to plaintiff's constitutional rights.

Plaintiff is encouraged to limit the number of defendants and causes of action set forth in the recast complaint so that he may easily comply with the page limitations imposed by this Order.

Plaintiff shall be given until April 14, 2006 to submit a recast complaint to the Clerk of Court.  His failure to comply with this Order within this time period, or to explain his inability to

comply, may result in the dismissal of this action in accordance with the standards of 28 U.S.C. §§ 1915A and 1915(e)(2).

The Clerk of Court is directed to forward a 42 U.S.C. § 1983 complaint form to plaintiff.

There shall be no service of process on any defendant until further Order of the Court.

**SO ORDERED**, this 16th day of March, 2006.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


lnb