IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY  DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO.: 1:06-CV-33 (WLS) |
| GUY HICKMAN; KEVIN ROBERTS; | : | |
| KERAN DOUGLAS; Lt. WESLEY | : | |
| DEWAYNE AYERS; ALESHA | : | |
| POTER; Dr. SHADDOCK; | : | |
| FRED CARTER; RICKY | : | |
| GREEN; R. CHRISTEN; Ms. | : | |
| GREEN; RHONDA WRIGHT; | : | |
| Ms. WHITE; Ms. HARDEN; | : | |
| Ms. ARCHIE; Mr. ANDERSON; | : | |
| Mr. WASHINGTON; Mr. CANNON; | : | |
| Mr. JONES; Mr. BOYD; Mr. | : | |
| MARSHALL; E. WILLIAMS; S. | : | |
| FAVORS; Mr. SIBLEY; Mr. | : | |
| DANIELS; HILLARY HILL; | : | |
| Mr. GILBERT; Mr. FRAZIER; Mr. | : | |
| JACKSON; R. JOHNSON; T. PITTS, | : | |
| | : | **RECOMMENDATION** |
| Defendants | : | |
| | : | |

Plaintiff **GREGORY GILLILAN,** an inmate at Calhoun State Prison in Morgan, Georgia

has filed a recast complaint as ordered by the Court on March 16, 2006.  However, plaintiff has

plainly failed to follow the instructions provided in this Order.  Specifically, Plaintiff was informed

that "[n]o attachments should be filed with the recast complaint."  However, plaintiff has included

eight attachments with his recast complaint.  Moreover, plaintiff has also included a five page "Brief

with Motion for Admission Exhibit/Evidence."  While the Court is hesitant, it has decided to take

into consideration all of the documents filed by plaintiff in this recast complaint,  and after doing

so, makes the following Recommendation.

## I.  STANDARD OF REVIEW

The Court is required to dismiss a prisoner's complaint if it determines that the action: (1) is frivolous, or  malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.   A claim is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id*.

## II.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

### A.  Allegations regarding the conditions of confinement at Calhoun State Prison

Plaintiff makes numerous allegations against thirty-one defendants.  First, plaintiff states that all of the wardens and assistant wardens (presumably Kevin Roberts and  Fred Carter) "fail to provide for the needs of the convicts and allow staff to violate" the inmates' constitutional rights. Moreover, the wardens and assistant wardens fail to keep staff at their assigned posts.

Plaintiff  also complains that the counselors (Ms. White, Ms. Harden, Ms. Archie, Ms. Green, and Ms. Christen) fail to make weekly rounds to his building as the are supposed to do according to standard operating procedure.

Plaintiff complains that the first shift prison guards (E. Williams, Mr. Gilbert, S. Favors, Mr. Sibley, Mr. Daniels, and Hillary Hill) "fail to perform their duties and denighs (sic) convicts to report to medical."

Plaintiff alleges that the second shift prison guards (Ms. Frazier and Mr. Jackson) deny inmates medical forms when requested.

Plaintiff states that Ms. R. Johnson has failed to perform her duties because she will not allow "convicts to have there (sic) smoke breaks in accordance with state protocal" and this "endangers the health of other convicts from [second] hand smoke."

Finally, plaintiff complains that the third shift guards (Mr. Anderson, Mr. Washington, Mr. Cannon, Mr. Jones, Mr. Boyd, and Mr. Marshall) fail to perform their duties as they should because they are "sleeping in the control room" and fail to provide inmates with wake up calls.

The Court notes that plaintiff apparently thinks he has filed this suit on behalf of not only himself, but numerous other inmates. Plaintiff's general allegations show that "convicts" or "inmates" are not receiving wake up calls, not getting medical forms, and are not getting smoke breaks. He does not allege that he has been personally affected. Moreover, plaintiff has attached an affidavit and a statement signed by other inmates. A litigant may invoke only his "own legal rights or interests, and cannot rest his claim to relief on the legal rights or interest of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Moreover, the Prison Litigation Reform Act requires each inmate to file separate actions and separate requests to proceed *in forma pauperis*. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001), *cert denied*, 534 U.S. 1136 (2002). In short, plaintiff cannot include other inmates' claims in this action.

However, even if plaintiff had alleged he was personally affected by these deprivations, all of his allegations would, if proven, demonstrate nothing more than the fact that plaintiff is dissatisfied with the living conditions at Calhoun State Prison. However, the Constitution does not mandate comfortable prisons nor does it mandate that prisons provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). All that is required is that prisons be humane. *Farmer v. Brennan*, 511 U.S. 825 (1994). Prisoners must be provided with the basic necessities of life, i.e., food, clothing, shelter, and medical care. *Hudson v. McMillan*, 503 U.S. 1 (1992); *Hudson v. Palmer*, 468 U.S. 517 (1984).

To prevail on an Eighth Amendment Claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) prison officials acted with "deliberate indifference," that is, the

officials knew of and disregarded an excessive risk to inmate health and safety. ***Farmer***, 511 U.S. at 834.  In addition, "[a] plaintiff must show that the constitutional deprivation caused his injuries." ***Marsh v. Butler County, Ala***., 268 F.3d 1014, 1028 (11th Cir. 2001).

None of the plaintiff's allegations, viewed alone or in the aggregate, are "sufficiently serious" enough to implicate the Constitution.  Moreover, plaintiff has not shown he has been injured in any way from the above-mentioned alleged deprivations.

For these reasons, the Undersigned **RECOMMENDS** that these claims be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

## B.  Failure to receive medicine

Plaintiff simply states that "[t]he medical staff named [Dewayne Ayers, Alesha Poter, and Rhonda Wright] have refuse (sic) to provide the medicine ordered to be provided by the Court, the doctor provides the wrong medicine to torment, or no medicine."

The Court notes that plaintiff has not given any factual details at all to support this conclusory statement.  Plaintiff does not show what medicine he has requested and when.  Plaintiff does not tell the Court what "wrong medicine" was provided to him and when.  Additionally, although plaintiff states that the Court ordered medicine to be provided to him, the Court has no record of this and does not know about what plaintiff is referring as plaintiff provides no specific facts.  The Court does note, however, that plaintiff currently has a suit pending in this Court against Dr. DeWayne Ayers in which plaintiff has alleged a lack of medical care and treatment for Hepatitis C.  (Gillilan v. Ayers, No. 1:05-CV-80).  Plaintiff does not need to litigate the same issues in two separate suits.

Given the conclusory nature of plaintiff's statements regarding a lack of medical care, the Undersigned **RECOMMENDS** that this claim be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after

being served a copy of this Order.

## C.  Failure to provide grievance forms

Plaintiff states that the Counselors (Ms. White, Ms. Harden, Ms. Archie, Ms. Green, and Ms. Christen) and the second shift prison guards (Ms. Frazier and Mr. Jackson) refuse to provide grievance forms.

The Eleventh Circuit Court of Appeals has held that a plaintiff has no constitutional right to participate in prison grievance procedures. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989).  Therefore, a prison official's failure to give a grievance form, process a grievance form, or respond to a grievance is not actionable under 28 U.S.C. § 1983.

Accordingly, the Undersigned **RECOMMENDS** that this claim be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

## D.  Allegation against Guy Hickman

Plaintiff states that "Guy Hickman is the Director who is responsible to assure the maintenance of the buildings and prison staff properly perform dutys (sic)."  As stated above, plaintiff's claims regarding the prison staffs' failure to perform their duties do not rise to the level of any constitutional violation or deprivation.  However, even if he had made sufficient allegations regarding the prison staff, plaintiff has in no way shown that Guy Hickman is responsible for any of  of his alleged deprivations.

It is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986).  Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87.  "The causal connection can be established when a history of

widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.   The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990), ***cert. denied***, 500 U.S. 933 (1991).

Plaintiff does not allege that Guy Hickman was personally involved in any of his alleged constitutional deprivations.  Moreover, plaintiff's assertions do not establish the causal connection necessary to hold Guy Hickman responsible for any alleged constitutional deprivations.

Accordingly, the Undersigned **RECOMMENDS** that Guy Hickman be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**E.  Conclusion**

The Undersigned recommends that all of plaintiff's claims regarding the conditions of confinement at Calhoun State Prison, his claim regarding failure to get medicine, and his claim regarding lack of grievance forms be dismissed, along with all of the defendants named in relation to these frivolous claims.  The Undersigned also recommends that Guy Hickman be dismissed.  This leaves only one claim remaining:  Plaintiff's claim that the mental health doctor (Dr. Shaddock) has refused to see him after numerous requests and after referral by a counselor.  Additionally, only one defendant remains: Dr. Shaddock. In a separate Order entered this day, the Undersigned has ordered service on Dr. Shaddock.

**SO RECOMMENDED**, this 12th day of April, 2006.


/s/ Richard L. Hodge_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


lnb