IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY GILLILAN,                           :
                                            :
                    Plaintiff,              :
                                            :
vs.                                         :        CIVIL ACTION NO.: 1:06-CV-33 (WLS)
                                            :
GUY HICKMAN, *et al.*,                      :
                                            :        PROCEEDINGS UNDER 42 U.S.C. § 1983
                    Defendants.             :        BEFORE THE U.S. MAGISTRATE JUDGE
                                            :
                                            :        **ORDER**

_____

        Plaintiff has filed a "Notice to Introduce Evidence" (R. at 9); and two "Motions for Admissions" (R. at 12, 13).

        In his "Notice to Introduce Evidence," plaintiff seeks to introduce a statement from another inmate, Brian Dove. Mr. Dove complains that the commissary prices at Calhoun State Prison are "raised beyond allowed limit according to Georgia State Law" and that the "Counselors are not performing their detailed duty." As the Court explained to plaintiff in its Recommendation, a litigant may invoke only his "own legal rights or interests, and cannot rest his claim to relief on the legal rights or interest of third parties." **Warth v. Seldin**, 422 U.S. 490, 499 (1975). Moreover, the Prison Litigation Reform Act requires each inmate to file separate actions and separate requests to proceed *in forma pauperis*. **Hubbard v. Haley**, 262 F.3d 1194, 1198 (11th Cir. 2001), **cert denied**, 534 U.S. 1136 (2002). If Mr. Dove wishes to file a complaint regarding commissary prices or inattentive counselors, he can do so by filing his own 42 U.S.C. § 1983 action. However, he cannot join the instant suit and his complaints are irrelevant to plaintiff's action. Therefore, to the extent that plaintiff seeks to introduce this evidence, his "Notice to Introduce Evidence" is **DENIED**.

        In his first "Motion for Admission" (R. at 12), plaintiff requests that the Court serve the named defendants. Plaintiff does not need to make a request for service on defendants. The Court determines, on its own, which defendants need to be served and, as plaintiff is proceeding *in forma*

*pauperis*, will handle service.  The "Motion for Admission" (R. at 12) is **DENIED**.[1]

In his second "Motion for Admission" (R. at 13), it appears that plaintiff seeks to add two defendants to this action: Officer Kinne and Ms. Ponteea.  He makes allegations regarding an incident of  verbal abuse and a disciplinary report that he received on April 5, 2006.  These claims involve events  that took place well after the filing of plaintiff's original complaint (March 7, 2006) and have nothing to do with his original complaint.  To the extent that plaintiff is seeking to amend his complaint to add new defendants and claims, this "Motion for Admission" is **DENIED**.

Accordingly, plaintiff's "Notice to Introduce Evidence"  (R. at 9); and two "Motions for Admissions" (R. at 12, 13) are **DENIED**.

**SO ORDERED**, this 12th day of April, 2006.


                              /s/ Richard L. Hodge
                              RICHARD L. HODGE
                              UNITED STATES MAGISTRATE JUDGE


lnb

---

[1]The Court notes that the "Motion for Admission" contains fourteen pages of additional allegations against the named defendants.  The Court has already allowed plaintiff to recast his complaint and informed him that his complaint shall consist of a new 42 U.S.C. § 1983 form and no more than ten additional pages. Also, the Court informed plaintiff that no attachments were to be filed with the recast complaint.  Plaintiff has filed a recast complaint, consisting of eighteen total pages, and the Court has reviewed and considered all of the information contained in this recast complaint.  Plaintiff cannot circumvent the Court's order as to page limitations and attachments by filing separate variously titled "Motions."